IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKIE BROWN, | : | |
|     Petitioner | : | No. 1:22-cv-00053 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| WARDEN, | : | |
|     Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which Petitioner Frankie Brown ("Brown"), an inmate in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), challenges an unspecified prison disciplinary sanction. The Court will dismiss the petition without prejudice.

I.    BACKGROUND

Brown initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 11, 2022. (Doc. No. 1.) The petition alleges that on some unspecified date during his incarceration, Brown was given a disciplinary sanction for an unspecified disciplinary infraction that resulted in him losing 41 days of good conduct credit, being placed in segregation for 30 days, losing his phone privileges, and losing one year of "jail credit." (Id. at 3.) The petition alleges that the disciplinary process that resulted in the sanction violated his constitutional right to due process because the evidence against him was "speculative at best" and because there was a "pattern of racial discrimination practices . . . in which he was specifically targeted." (Id. at 7-8.) The disciplinary process appears to have arisen from some incident in which Brown possessed a cellphone, see (id. at 7 (stating that the evidence is "speculative at best, and in no way supports Inmate's possession—actual or constructive—of a cellphone")), but the petition does not allege any facts regarding the disciplinary process or

sanction, such as what events gave rise to the disciplinary charges against Brown, when the alleged infraction occurred, or whether Brown was given a disciplinary hearing.  The petition also notes that "issues" related to the alleged pattern of race discrimination are "to be addressed separately from this filing," (id. at 8), but Brown has not filed any other documents or exhibits to accompany the petition.

II.     LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  See 28 U.S.C. § 2254 Rule 1.

III.    DISCUSSION

Dismissal of this case under Rule 4 is appropriate because the Court simply cannot discern any basis for granting habeas corpus relief from Brown's petition.  The petition challenges a prison disciplinary sanction, but does not include any facts about what gave rise to the sanction, when those facts occurred, or what process Brown was afforded before the sanction was imposed.  Absent such facts, it is impossible for the Court to meaningfully review Brown's assertions that the evidence against him was speculative and that he was the victim of race discrimination.  The Court will accordingly dismiss the petition without prejudice to Brown's right to refile the petition.

IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the petition (Doc. No. 1) for writ of habeas corpus without prejudice.  An appropriate order shall issue.